UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIA VITTITOW,

    Plaintiff

vs.

BEACON HILL APARTMENTS, LLC,
A Michigan limited liability company,
EXPERIAN INFORMATION SOLUTIONS,
INC., a foreign corporation, EQUIFAX
CREDIT INFORMATION SERVICES,
LLC, a foreign limited liability company,
TRANS UNION, LLC, a foreign limited
Liability company, APPLICATION
RESEARCH, INC., a foreign corporation,
FIDELITY INFORMATION CORPORATION,
A foreign limited liability company, jointly
and severally

    Defendants

Case No: 2:09-cv-13587

HON. Bernard A. Friedman

DEFENDANT, BEACON HILL APARTMENTS, LLC'S, REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Gary D. Nitzkin (P41155)
NITZKIN & ASSOCIATES
22142 West Nine Mile Road
Southfield, MI 48034
248.353.2882
248.353.4840 (fax)
*Attorney for Plaintiff*

Tamara Fraser (P51997)
FRANK, HARAN, ET AL.
5435 Corporate Drive, Suite 225
Troy, MI 48098-2624
248.952.0400
*Attorney for Defendant Experian*

Brian A. Nettleingham (P58966)
MADDIN, HAUSER, ET AL.
28400 Northwestern Hwy., 3rd Floor
Southfield, MI 48034
248.354.4030
248.357.7503 (fax)

John Sharp (P29042)
George S. Fish (P51298)
Philip A. Grashoff, Jr. (P14279)
STROBL & SHARP, PC
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304
248.540.2300
248.645.2690 (fax)
*Attorney for Defendant, Beacon Hill*

Brian M. Ziff (P58124)
CLARK HILL, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226-3435
313.965.8300
*Attorney for Defendant Equifax*

Laura K. Rang
SCHUCKIT & ASSOCIATES, PC
30th Floor, Market Tower
10 W. Market Street, Suite 3000

*Attorney for Trans Union*

Indianapolis, IN  46204
317.363.2400
317.363.2257 (fax)
*Attorney for Trans Union*

# DEFENDANT, BEACON HILL APARTMENTS, LLC'S, REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Respectfully submitted,

STROBL & SHARP, PC

By: */s/ George S. Fish*
John Sharp (P29042)
George S. Fish (P51298)
Philip A. Grashoff, Jr. (P14279)
*Attorney for Defendant, Beacon Hill Apartments, LLC*
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI  48304
248.540.2300
gfish@stroblpc.com

Dated:  February 1, 2010

*J:\DOCS\71038\001\MOTBRF\SB296407.DOC*

I.  INTRODUCTION

Defendant, Beacon Hill Apartments, LLC ("Beacon Hill") filed its Motion to Dismiss Plaintiff's Complaint under the Fair Credit Reporting Act ("FCRA") on four bases:

1) Plaintiff failed to allege that Beacon Hill was a furnisher;

2) Plaintiff failed to allege that Beacon Hill received notice of Plaintiff's dispute from a credit reporting agency;

3) Plaintiff failed to timely state her alleged claim; and

4) No private right of action exists for Plaintiff's claim.

Plaintiff has admitted that she did not allege that Beacon Hill is a "furnisher" and she has admitted that she did not allege that Beacon Hill received notice of a dispute from a credit reporting agency. In Response, Plaintiff claims that Beacon Hill's purported collection agents were furnishers, that those collection agents received notice from a credit reporting agency and that somehow that renders Beacon Hill liable. Plaintiff's improper resort to discovery responses to make the argument, however, cannot defeat the Motion to Dismiss particularly when, as here, Plaintiff has misrepresented the documents. The law clearly requires that a credit reporting agency provide notice to Beacon Hill and Plaintiff has simply not alleged that fact. Beyond the foregoing, Plaintiff's claim is time barred as it was not brought within two (2) years of its discovery.

II.  ANALYSIS

A.  **Plaintiff Has Failed to Allege That Beacon Hill is a "Furnisher"**

Beacon Hill is liable under FCRA only if it is a "furnisher," yet Plaintiff has not made that simple allegation. In fact, Beacon Hill highlighted the only paragraph of the Complaint that makes any reference to a "furnisher." Paragraph eight (8) of the Complaint states:

1

> The Beacon Hill Debt was furnished to Experian by Defendant Application Research, Inc. and furnished to Equifax by Defendant Fidelity Information Corporation." [The Complaint is attached as *Exhibit 1.*]

Simply put, Plaintiff has alleged Defendants Application Research, Inc. ("Application Research") and Fidelity Information Corporation ("Fidelity") are furnishers, but has not alleged that Beacon Hill is a furnisher.

Plaintiff has conceded all of the above. Regardless, Plaintiff resorts to Beacon Hill's Answers to Interrogatories (attached as *Exhibit 2*) to argue that Beacon Hill is a principal for its purported collection agents Fidelity and Application Research. There is no authority, however, that the acts of Beacon Hill's collection agents render Beacon Hill a furnisher under FCRA. Further, in deciding a motion to dismiss, courts may consider only the pleadings. *Lovelace v Software Spectrum, Inc.,* 78 F.3d 1015, 1017-1018 (5th Cir. 1996).[1] Here, the Court should decide this Motion without Plaintiff's improper reference to discovery documents.

Ultimately, Plaintiff did not allege that Beacon Hill is a furnisher. Further, Plaintiff did not even allege that Beacon Hill had a principal-agent relationship with either Application Research or Fidelity at the pertinent times at issue in the Complaint.[2]

**B.  Plaintiff Has Failed to Allege That a Credit Reporting Agency Provided Notice to Beacon Hill**

---

[1] Additionally, Plaintiff's selective reference to Beacon Hill's Answers to Interrogatories also misrepresents the relationship between Beacon Hill and the collection agencies Application Research and Fidelity. While Beacon Hill's Answers to Interrogatories acknowledge a relationship with Fidelity, they state that the relationship terminated on May 15, 2006. (*Exhibit 2*, page 2.) Meanwhile, Beacon Hill never had any agency relationship with Application Research. (*Exhibit 2.*)

[2] Any argument by Plaintiff for an opportunity to amend its Complaint should be rejected. Proposed amendments should be disregarded when they are futile. *Jet, Inc. v Sewage Variation Systems,* 165 F3d 419, 425 (6th Cir. 1999). Beacon Hill's Answers to Interrogatories clearly indicate that Beacon Hill's only relationship with a collection agency ended by June 15, 2006. (*Exhibit 2*, page 2.) Despite liberal pleading rules, Rule 8(a)(2) still requires a showing rather than a blanket assertion of entitlement to relief. *Bell Atlantic Corp v. Twombly,* 127 S.Ct. 1955, 1965, n.3 167 L.Ed.2d 929 (2007).

Even if this Court accepts that Beacon Hill is a "furnisher" by resorting to discovery responses outside the pleadings, Plaintiff still has not alleged that Beacon Hill received notice from a credit reporting agency. Beacon Hill's obligations, if any, under FCRA can only be triggered by notice of a dispute from a credit reporting agency. 15 U.S.C. §1681s-2(b).

Plaintiff suggests that notice to Beacon Hill's former collection agent Fidelity is the same as notice to Beacon Hill.[3] Plaintiff has failed to cite any law to support this conclusion and, in fact, the case law interpreting FCRA's requirement that the furnisher must receive notice from the credit reporting agency has been strictly enforced. In *Westbrooks v. Fifth Third Bank*, 2005 U.S. Dist. LEXIS 45078 (M.D. Tenn. 2005) (attached as *Exhibit 3*) the court explained that:

> Most courts interpreting § 1681s-2(b) have found that under the plain language of the statute, unless a consumer reporting agency notifies a furnisher of information of a dispute, an individual may not pursue a claim against the furnisher of information under the statue, even if the individual has apprised the furnisher of information of the dispute. **Thus, the duty of a furnisher of credit information to investigate a credit dispute under § 1681s-2(b) is triggered only after the furnisher receives notice of the dispute from a consumer reporting agency.** Notification from a consumer is insufficient. [Emphasis added.]

If there is any doubt following *Westbrooks*, even actual notice from the consumer is insufficient. In *Zager v Deaton*, 2005 U.S. Dist. LEXIS 43838 (W.D. Tenn. 2005) (attached as *Exhibit 4*), the Court found that defendant's actual notice of the dispute was irrelevant as a furnisher of incorrect credit information must have received notice from the credit reporting agency in order for subsection (b) duties to be triggered.

---

[3] Beacon Hill points out that even the discovery responses on which Plaintiff improperly relies demonstrate that Beacon Hill never had an agency relationship with Application Research and that its relationship with Fidelity ended by June 15, 2006. Thus, not even notice to either of those collection agencies at the time suggested in Plaintiff's Compliant would constitute notice to Beacon Hill if Plaintiff's legal theory is accepted.

3

The requirement that the credit reporting agency be contacted rather than the furnisher directly acts as a "filter" to prevent the furnishers to be exposed to suit by each and every consumer dissatisfied with their credit information. *See Nelson v Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). In *Elmore v North Form Bancorporation, Inc.*, 325 F.Supp. 336, 340 (S.D.N.Y. 2004), the court indicated that the clear statutory language must be enforced as written:

> The terms of the statute are quite clear. Even assuming the existence of a private right of action for violation of Section 1682-2(b), that right of action exists only for violations post-dating the furnisher's receipt of a report *from the credit reporting agency*. If Congress had meant to create liability for violations once the furnisher had notice from any source of the existence of a dispute, it would have been a simple matter to say so. The fact that it nevertheless limited Section 1681s-2(b) is entitled to respect. Indeed, to rule for plaintiff would be to read the pending phrase of the statute-"after receiving notice pursuant to section 1681i(a)(2) of this title"-as if the words "pursuant to section 1681i(a)(2)" did not exist. This Court is not free to take a blue pencil to statutes of the United States.

As Plaintiff's Complaint does not allege that Beacon Hill received notice of a dispute from a collection reporting agency, Plaintiff's Complaint should be dismissed.

### C. Plaintiff's Claim is Time Barred

Plaintiff has conceded that this action arises out of a single disputed account balance dating back to 2003. The salient question is when Plaintiff's alleged claim against Beacon Hill accrued.

Plaintiff concedes the two-year statute of limitation, but cites cases to the effect that the two-year period is extended by each transmission of the same erroneous credit report. While the statute of limitations **as to a credit reporting agency** may be extended by each transmission of an erroneous credit report, the law with respect to the liability of a **furnisher** under §1681s-2(b)

is different. Law interpreting FCRA explicitly finds that the timing of the accrual of a claim under FCRA is different depending upon the nature of the claimed violation:

> Plaintiff asserts claims against Equifax under two provisions of the *FCRA, § 1681e(b)* and *§ 1681i*. Equifax contends that both claims are barred by the statute of limitations found in *15 U.S.C. §1681p*, which provides that a party must bring an action under the FCRA "within two years from the date on which the liability arises[.]" **The date on which liability arises depends on which provision allegedly was violated.** "Under *15 U.S.C. §1681e(b)*, liability arises when the consumer reporting agency issues an inaccurate consumer report. Under *15 U.S.C. §1681i*, liability arises when the consumer reporting agency allegedly violates its duty under the FCRA to reinvestigate." *Barron v. Trans Union Corp., 82 F. Supp.2d 1288, 1293 (M.D. Ala. 2000)* (internal quotations, brackets, and citations omitted). [Emphasis added.]

*Acton v. Bank One Corp.*, 293 F. Supp.2d 1092, 1097 (D. Ariz. 2003).

Here, Plaintiff's claim against Beacon Hill is predicated on §1681s-2(b). According to Plaintiff's Complaint, Plaintiff learned of Beacon Hill's alleged violation of this section shortly after May 30, 2006. (*See* Plaintiff's complaint ¶¶ 9 and 10.) While a credit reporting agency's transmittal of another inaccurate credit report in 2008 or 2009 may revive a claim against that credit reporting agency, it does not revive a claim against Beacon Hill. Any claim against Beacon Hill would have accrued approximately thirty (30) days after May 30, 2006 as nothing occurred thereafter that would revive the statute of limitations as to Beacon Hill. On that basis, Plaintiff's claim should be dismissed as a matter of law.

## III.  CONCLUSION

Based on the foregoing, Beacon Hill requests that this Court dismiss all claims against it and award all other relief deemed just and equitable.

## ECF CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2010, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by US Postal Service the paper to the non-ECF participants.

By: /s/ JoAnn M. McKeogh
JOANN M. MCKEOGH
Strobl & Sharp, PC
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Phone: 248.540.2300